UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-60111-CIV-ZLOCH

FRANK LaCORTE, KELLY
MOORE-MARTIN, and ALEC
BURLAKOFF,

    Plaintiffs,

vs.

**FINAL ORDER OF REMAND**

ELI LILLY AND COMPANY, ROY
SEWELL, ANN KENNEY, CARRIE
CHESTNUT and JAY GABBEE,

    Defendants.
_____/

    THIS MATTER is before the Court sua sponte and upon Defendant's Notice of Removal (DE 1) filed herein by Defendant, Eli Lilly and Company, for removal of the above-styled cause to the United States District Court, Southern District of Florida, and the Court having carefully reviewed the allegations of the Complaint, having carefully reviewed the court file and being otherwise fully advised in the premises, it is

    **ORDERED AND ADJUDGED** that the Notice of Removal (DE 1) filed herein by Defendant, Eli Lilly and Company, be and the same is hereby **DENIED**.

    The Notice Of Removal (DE 1) is premised upon this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the Notice Of Removal is filed. <u>Pullman Company v. Jenkins</u>, 305 U.S. 534, 537 (1939). Because removal is only permissible when a plaintiff's claim could have been filed in federal court originally, we must

look to the plaintiff's claim to determine whether removal was appropriate. <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). When diversity of citizenship is the basis of federal jurisdiction, it must be found to exist at the time the Complaint was filed. <u>OJB, Inc. v. Dowell, A Div. of Dow Chem. Co.</u>, 650 F. Supp. 42, 43-44 (N.D. Tex. 1986); <u>Portis v. Sears, Roebuck & Co.</u>, 621 F. Supp. 682, 683 (E.D. Mo. 1985); <u>see generally</u>, 14B C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u>, § 3723 (1998). It is clear from the record that at the time the Complaint was filed the allegations of the Complaint were insufficient to satisfy diversity jurisdiction.

A review of the Complaint reveals that the requisite diversity of citizenship as to Plaintiffs and Defendants is not apparent on the face of the Complaint. The Complaint alleges only that:

> 2. The Plaintiff, FRANK LaCORTE, is *sui juris* and a resident of Broward County, Florida.
>
> 3. The Plaintiff, KELLY MOORE-MARTIN, is *sui juris* and was at all times relevant to this action a resident of the State of Florida and is now a resident of the State of California.
>
> 4. The Plaintiff, ALEC BURLAKOFF, is *sui juris* and a resident of the State of Florida.
>
> 5. The Defendant, ELI LILLY and COMPANY, is a foreign corporation authorized to do business and actually doing business in Broward and Palm Beach Counties, Florida.
>
> 6. The Defendant, ROY SEWELL, is *sui juris* and a resident of Palm Beach County, Florida.
>
> 7. The defendant, ANN KINNEY is *sui juris* and a resident of Broward County, Florida.
>
> 8. The defendant, CARRIE CHESTNUT is *sui juris* and at all relevant times herein was a resident of Palm Beach

2

County, Florida.

9. The defendant, JAY GABBEE is *sui juris* and at all relevant times herein was a resident of Palm Beach County, Florida.

An allegation of residence is not sufficient to establish citizenship. <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994); <u>Nadler v. Am. Motors Sales Corp.</u>, 764 F.2d 409, 413 (5th Cir. 1985); <u>Congress of Racial Equality v. Clemmons</u>, 323 F.2d 54, 58 (5th Cir. 1962); <u>Baker v. Data Dynamics, Inc.</u>, 561 F. Supp. 1161, 1164 (W.D.N.C. 1983). In the Complaint, there are no allegations of citizenship as to Plaintiffs Frank LaCorte, Kelly Moore-Martin, or Alec Burlakoff. Nor are there allegations of citizenship as to Defendants Roy Sewell, Ann Kinney, Carrie Chestnut, or Jay Gabbee. Therefore, the diversity of citizenship requirements of 28 U.S.C. § 1332 have not been satisfied.

In addition, a corporation has dual citizenship for diversity purposes: a corporation is a citizen of any state by which it has been incorporated and a citizen of the state in which the corporation has its principal place of business. 28 U.S.C. § 1332(c). Hence, it is necessary both to plead the state or states of incorporation and the state in which the corporation has its principal place of business in order to show that diversity jurisdiction exists. <u>Taylor</u>, 30 F.3d at 1367; <u>Nadler</u>, 764 F.2d at 413; <u>see generally</u> 13B C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u>, § 3624 (2d ed. 1984). The Complaint filed herein lacks any allegation regarding the state or states in which Defendant, Eli Lilly and Company, is incorporated or the state in

3

which it has its principle place of business. Therefore, the diversity of citizenship requirements have not been satisfied.

The Court notes that pursuant to 28 U.S.C. § 1447(c), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

It should be kept in mind that the statutes conferring both diversity and removal jurisdiction are to be strictly construed. District courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. Syngenta Crop Prot., Inc. v. Henson, 123 S. Ct. 366, 369-70 (2002); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978). Further, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns, 31 F.3d at 1095 (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3rd Cir. 1990) and Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983)). Moreover, it is well settled that the removal statute is to be strictly construed against removal and in favor of remand. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

The Court notes that the federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists.

4

Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. Kirkland Masonry, Inc. v. Comm'r of Internal Revenue, 614 F.2d 532, 533 (5th Cir. 1980); see generally 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3522 (2d ed. 1984).

The Court recognizes that current trends in the law favor expanded federal court jurisdiction. The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction. While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of federal jurisdiction expressed by this Court and by the cases cited within this Final Order Of Remand, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, the above-styled cause is **REMANDED** to the state forum for further proceedings in that this Court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 02-023118-18.

To the extent not otherwise disposed of herein, all pending

5

Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____5th_____ day of March, 2003.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Marty Steinberg, Esq.
For Defendant, Eli Lilly
and Company

Mark D. Gilwit, Esq.
David J. Weiss, Esq.
Patrice A. Talisman, Esq.
For Plaintiffs

Clerk, Circuit Court
Broward County, Florida
Case No. 02-023118-18
(certified copy)

## NOTICE TO ATTORNEYS AND LITIGANTS

Please be advised that effective Thursday, February 13, 2003, Chief Judge Zloch's chambers shall fully implement and utilize the faxback program. The clerk's office scans each document and sends the document via telefax to all parties listed on the Court docket that have supplied the court with their fax number. In the event a party does not have a fax machine, the document is sent via U.S. Mail. If you have a fax machine but have not been receiving your orders via telefax, please complete the enclosed application and return it via fax or U.S. Mail to the Clerk's office. The faxback program alleviates the need to submit self-addressed postage paid envelopes. **Accordingly, until further notice, all motions must include a complete service list with the names and addresses of all parties who are to be provided copies of the order. Thank you for your cooperation in this matter.**